```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   SOUTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION
```

JAMES TYRONE EDWARDS,            :

    Plaintiff,               :

vs.                              :   CIVIL ACTION 06-0088-CB-M

LT. LORETTA HOLLAND, et al.,     :

    Defendants.              :

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate who is proceeding *pro se*, filed an action under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be transferred to the United States District Court for the Middle District of Alabama.

Plaintiff named as Defendants Lt. Loretta Holland, Sgt. Moore, Sgt. Bussey, Sheriff Boswell, and Russell County Jail Chief Alexander.  (Doc. 1)  These Defendants appear to reside in Russell County, Alabama, which is located in the Middle District of Alabama.  Plaintiff complains that while he was incarcerated at the Russell County Jail, these Defendants forced him to lie in toilet water, assaulted him with batons, and sprayed him with mace, and then refused him medical treatment.  This action was filed when Plaintiff incarcerated at the Russell County Jail.  Presently, Plaintiff is incarcerated at Limestone Correctional Facility in the Middle District of Alabama.  *See* ADOC Website.

A § 1983 action may be brought in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); *see New Alliance Party of Ala. v. Hand*, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action).  However, when venue is not proper in the district of filing, in the interest of justice, a district court may transfer the action to any other district or division where the action might have been brought.  28 U.S.C. § 1406(a).

In the present action, the events giving rise to Plaintiff's action occurred in the Middle District of Alabama, and all of Defendants to this action are located in the Middle District of Alabama.  Venue is, therefore, lacking in the Southern District.  Accordingly, it is recommended that, in the interest of justice, this action be transferred to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1406(a).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of

court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 28th day of June, 2006.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE